UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22cv60171

**TANO BOGLE**,

    **Plaintiff,**

v.

**RAUSCH STURM LLP,
CASCADE CAPITAL LLC**,
and **JOHN DOE**,

    **Defendants.**
_____/

## CLASS ACTION COMPLAINT

Plaintiff Tano Bogle ("Plaintiff") sues Defendants Rausch Sturm LLP, Cascade Capital LLC, and John Doe (collectively, the "Defendants").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under Florida common law pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant Rausch Sturm LLP ("Defendant-DC") is a Florida limited liability partnership, with its principal place of business located in Clearwater, Florida.

6. Defendant Cascade Capital LLC ("Defendant-Creditor") is a Delaware limited liability company, with its principal place of business located in Petaluma, California.

7. Defendant John Doe ("Defendant-JD") is an unknown third party that, for purposes of this Class Action Complaint, operates and does business within this District alongside Rausch Sturm LLP.

## DEMAND FOR JURY TRIAL

8. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

9. On a date better known by Defendants, Defendant-DC began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

10. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the original creditor of the Consumer Debt and Plaintiff (the "Subject Service").

11. Defendant-Creditor is the current creditor of the Consumer Debt.

12. The Subject Service was primarily for personal, family, or household purposes.

13. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

14. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

15. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. Defendant-DC is not registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

17. Defendant-DC is an entity required to register as a consumer collection agency with the Florida Department of State, *as per* Fla. Stat. § 559.553(1), to lawfully collect consumer debts from Florida consumers.

18. Defendant-DC has never registered, or otherwise been licensed, to collect consumer debts from Florida consumers in accordance with Fla. Stat. § 559.553.

19. Defendant-DC does not fall within any of the exemptions contained within Fla. Stat. § 559.553(3).

20. Defendant-DC cannot legally collect, or attempt to collect, the Consumer Debt from Plaintiff without first registering, and thereafter maintaining, a valid consumer collection agency license in accordance with Fla. Stat. §§ 559.553(1) & (2).

21. Defendant-DC's collection activities against Plaintiff constitute a criminal misdemeanor under Florida law. *See* Fla. Stat. § 559.785.

22. Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

23. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

24. Defendant-DC has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer.

25. Defendant-DC cannot lawfully collect consumer debts from Florida consumers because Defendant-DC does not possess a valid Consumer Collection Agency license with the Florida Department of State.

26. Defendant-DC is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

27. Defendant-DC is a "person" within the meaning of Fla. Stat. § 559.72.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

28. On a date better known by Defendant-DC, Defendant-DC transmitted Plaintiff's personal information to a third-party (the "Third-Party").

29. The personal information Defendant-DC transmitted to the Third-Party included, but was not limited to: **[1]** Plaintiff's names; **[2]** Plaintiff's address; **[3]** the existence of the Consumer Debt; **[4]** the amount of the Consumer Debt; **[5]** the creditor of the Consumer Debt; **[6]** that Plaintiff was the alleged debtor of the Consumer Debt; **[7]** information regarding the Subject Service; and **[8]** that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt (collectively, the "Transmitted Information").

30. The Third-Party, of whom Defendant-DC transmitted Plaintiff's personal information to, gathered Plaintiff's personal information and prepared a letter that was to be sent to Plaintiff in an attempt to collect the Consumer Debt.

31. Defendant-DC's transmission of Plaintiff's personal information to the Third-Party was a communication in connection with the collect of the Consumer Debt.

32. In addition to transmitting Plaintiff's personal information to the Third-Party, Defendant-DC also transmitted Plaintiff's personal information to *other* third-party entities in connection with the collection of the Consumer Debt. Defendant-DC transmitted such information to these *other* third-party entities by, *including but not limited to*: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Consumer Debt from Plaintiff.

33. In attempting to collect the Consumer Debt from Plaintiff, on behalf of Defendant-Creditor, Defendant-DC secured, *albeit improperly*, a final judgment against Plaintiff in the amount of $7, 123.54 in in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

34. Defendant-DC knew it was unlawful to obtain Plaintiff's private and confidential banking information without a Court Order and/or otherwise without the consent of Plaintiff.

35. Although Defendant-DC lacked the required registration as a Consumer Collection Agency, and had engaged in no post-judgment discovery, Defendant-DC, *without any notice to Plaintiff, without Plaintiff's prior authorization, and*, *critically*, **without any *pre*-judgment discovery or *post*-judgment discovery**, spuriously and unlawfully obtained Plaintiff's nonpublic banking information and unlawfully collected funds from Plaintiff in an attempt to satisfy the Consumer Debt on behalf of Defendant-Creditor.

36. Defendant-DC obtained the private and confidential banking information of Plaintiff by conspiring with Defendant-JD and Defendant-Creditor, whereby Defendant-JD was used and/or hired by Defendant-DC, on behalf of Defendant-Creditor, to perform illegal and otherwise criminally unlawful searches into Plaintiff. Thought said illegal and otherwise criminally unlawful searches Defendants obtained Plaintiff's private and confidential banking information, the likes of which Defendants unlawfully used to collect the Consumer Debt from Plaintiff.

37. Upon collecting the unlawfully obtained funds from Plaintiff, Defendant-DC sent a portion of said funds to Defendant-Creditor and Defendant-JD, separately, and retained the remainder of the funds for the operation of Defendant-DC's organization.

## CLASS ALLEGATIONS

### PROPOSED CLASS

38. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually, and on behalf of all other similarly situated persons. The class that Plaintiff seek to represent is

comprised of four (4) classes (collectively, the "Classes"): the "**Vendor Class**," the "**Collection License Class**," the "**Money Had and Received Class**," and the "**RICO Class**."

39. The "**Vendor Class**" consists of [1] all persons with Florida addresses [2] that were subjected to collection activities [3] by and/or from Defendant-DC [4] whereby Defendant-DC transmitted the personal information of said consumers to a third party [5] in connection with the collect of a debt allegedly owed by said Florida consumer [6] during the twelve months preceding the filing of this Class Action Complaint.

40. The "**Collection License Class**" consists of [1] all persons with Florida addresses [2] that were subjected to collection activities [3] by and/or from Defendant-DC [4] while Defendant-DC was not lawfully licensed as a "Consumer Collection Agency" with the Florida Department of State [5] during the twelve months preceding the filing of this Class Action Complaint.

41. The "**Money Had and Received Class**" consists of [1] all persons with Florida addresses [2] that Defendant-DC [3] on behalf of Defendant-Creditor [4] collected, either directly or indirectly, money from [4] during the forty-eight months preceding the filing of this action [5] using said consumers nonpublic banking information [6] whereby Defendants obtained such nonpublic banking information with pre-judgment or post-judgment discovery.

42. The "**RICO Class**" consists of **[1]** all persons with Florida addresses **[2]** that Defendant-DC **[3]** collected, either directly or indirectly, money from **[4]** during the forty-eight months preceding the filing of this action **[5]** using said consumers nonpublic banking information **[6]** whereby Defendant-DC, on behalf of Defendant-Creditor, obtained such nonpublic banking information by and through criminal searches and inquires performed by Defendant-JD.

43. Defendants and their employees or agents are excluded from the Classes.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

44. Plaintiff do not know the number of members in the Classes but believes the members of each of the Classes to be several thousand if not more.

### NUMEROSITY

45. Upon information and belief, Defendants have subjected thousands of Florida consumers to unlawful collection activity by way of [1] Defendant-DC's lack of a collection license, [2] Defendant-DC's unlawfully communication with a third party, and/or [3] Defendants unlawful and suspicious use of Florida consumers nonpublic banking information. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

46. The exact number and identities of the Classes' members are unknown at this time and can be ascertained only through discovery. Identification of the Classes' members is a matter capable of ministerial determination from Defendant's records.

### COMMON QUESTIONS OF LAW AND FACT

47. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are: [1] whether Defendant-DC unlawfully engaged in collection activity directed at Florida consumers without a Consumer Collection Agency license; [2] whether Defendant-DC is a debt collector under the FDCPA; [3] whether Defendant-DC's conduct was knowing and willful; [4] whether Defendants are liable for damages, and the amount of such damages.

48. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendants routinely subject Florida consumers to unlawful collection

PAGE | **7** of **15**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

activity is accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

49. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

50. Plaintiff is representatives who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff are adequate representatives and will fairly and adequately protect the interests of the Classes.

### SUPERIORITY

51. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendants' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

52. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another

PAGE | **8** of **15**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

### COUNT 1
### VIOLATION OF 15 U.S.C. § 1692c(b)
(*against Defendant-DC*)

53. Plaintiff, individually and on behalf of the Vendor Class, incorporates by reference ¶¶ 9-52 of this Class Action Complaint.

54. Pursuant to § 1692c(b) of the FDCPA, "*a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.*" 15 U.S.C. 1692c(b) (emphasis added).

55. As set forth above, Defendant-DC's transmission of Plaintiff's personal information to the Third-Party constitutes a communication in connection with the collection of the Consumer Debt. Accordingly, Defendant-DC violated § 1692c(b) of the FDCPA when it transmitted Plaintiff's personal information to the Third-Party in connection with the collection of the Consumer Debt.

56. WHEREFORE, Plaintiff, individually and on behalf of the Vendor Class, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

   (a) Statutory damages as provided by 15 U.S.C. § 1692k;

   (b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

   (c) Any other relief that this Court deems appropriate under the circumstances.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

COUNT 2
## VIOLATION OF 15 U.S.C. §§ 1692e, e(2)(A), e(5), & § 1692e(10)
(*against Defendant-DC*)

57.  Plaintiff, individually and on behalf of the Collection License Class, incorporates by reference ¶¶ 9-52 of this Class Action Complaint.

58.  Defendant-DC is liable to Plaintiff and the Collection License Class for attempting to collect consumer debts from Florida consumers without first registering and, thereafter, maintaining a valid consumer collection agency license in accordance with Florida law. *See* Fla. Stat. § 559.553.

59.  Here, Defendant-DC, by way of collection letters and unlawfully obtained banking information, attempted to collect, and in fact collected, portions of the Consumer Debt from Plaintiff; however, at all times relevant, Defendant-DC was not registered as a consumer collection agency with the Florida Department of State, as required by Fla. Stat. § 559.553, and as a result thereof, Defendant-DC's collection efforts directed at Florida consumers, of which includes Plaintiff, identically violate § 1692e, § 1692e(2)(A), § 1692e(5) and § 1692e(10) of the FDCPA.

60.  Defendant-DC's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C. § 1692e and e(10) because attempting to collect a debt while not licensed as required by Florida law is a false, deceptive, and misleading practice.

61.  Defendant-DC's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C. § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

PAGE | **10** of 15

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

62. Defendant-DC's failure to obtain a consumer collection agency license, as mandated by Florida Statutes § 559.553, while attempting to collect consumer debts from Florida consumers is a violation of 15 U.S.C. § 1692e(5). Put differently, just as with other members of the Collection License Class, Defendant-DC's attempt to collect the underlying debt from Plaintiff while not licensed as required by Florida law, and otherwise holding itself out to Plaintiff as an entity that it may lawfully collect money from a Florida consumer, is a threat to take action that cannot legally be taken.

63. WHEREFORE, Plaintiff, individually and on behalf of the Collection License Class, requests the Court enter judgment in favor of Plaintiff and the Collection License Class and against Defendant-DC for:

(a) Statutory damages, as provided under 15 U.S.C. § 1692k;

(b) Costs and attorneys' fees, as provided by 15 U.S.C. § 1692k; and

(c) Such other or further relief as the Court deems proper.

### COUNT 3
### MONEY HAD AND RECEIVED
(against Defendants)

64. Plaintiff, individually and on behalf of the Money Had and Received Class, incorporates by reference ¶¶ 9-52 of this Class Action Complaint.

65. A claim for money had and received may be based upon any set of facts "which show that an injustice would occur if money were not refunded." Moore Handley, Inc. v. Major Realty Corp., 340 So.2d 1238, 1239 (Fla. 4th DCA 1976). *See also* Kelly v. Palmer, Reifler & Associates, PA, 681 F. Supp. 2d 1356 (S.D. Fla. 2010).

66. A claim for "money had and received cannot be denied merely because the plaintiff may have other remedies to recover its loss." 66 Am. Jur. 2d Restitution and Implied Contracts §

PAGE | **11** of 15

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

172 (2008).

67. Defendant-DC unlawfully collected funds from Plaintiff and members of the Money Had and Received Class – by way unlawfully obtaining the private, non-public banking information of Plaintiff and members of the Money Had and Received Class – on behalf of Defendant-Creditor.

68. Defendant-DC received and/or otherwise collected said funds from Plaintiff and members of the Money Had and Received Class, and did not return it, despite the fact that such funds were obtained using Plaintiff and members of the Money Had and Received Class non-public, private banking information, the likes of which Defendant-DC unlawfully obtained without any pre-judgment or post-judgment discovery.

69. Plaintiff and members of the Money Had and Received Class each indirectly conferred a similar benefit on Defendant-DC, *i.e.*, each had money collected from himself or herself for a debt he or she allegedly owed, but which was unlawfully collected by way of the consumers non-public, private banking information, the likes of which Defendant-DC illegally obtained without any pre-judgment or post-judgment discovery.

70. In each case, Defendant-DC received and did not return the money it unlawfully obtained.

71. The circumstances are such that it would be unfair for Defendants to retain the benefit their criminal activity. Therefore, all the money taken during the time frame relevant to this claim should be returned.

72. At minimum, Defendant-DC acted with apparent authority in attempting to collect, and in collecting, the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to

PAGE | 12 of 15

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

73. Defendant-Creditor purposely provided Defendant-DC with the information to collect the Consumer Debt from Plaintiff, of which included Plaintiff's contact information, the nature of the Consumer Debt, and the amount purportedly owed by Plaintiff.

74. As such, the above-mentioned unlawful conduct is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such conduct.

75. WHEREFORE, Plaintiff, individual and on behalf of the Money Had and Received Class, request that the Court enter judgment in favor of Plaintiff and the Money Had and Received Class and against Defendants for:

(a) Actual damages – for the total dollars unlawfully collected by Defendants from the members of the Money Had and Received Class over the class time period;

(b) An order instructing Defendants to disgorge their ill-gotten monies from the Money Had and Received Class members;

(c) Litigation expenses, attorneys' fees, and costs of the instant suit; and

(d) Such other or further relief as the Court deems proper.

## COUNT 4
## VIOLATION OF FLORIDA'S RICO ACT
(against Defendants)

76. Plaintiff, individually and on behalf of the RICO Class, incorporates by reference ¶¶ 9-52 of this Class Action Complaint.

77. In Florida, it is unlawful for any person [1] who has with criminal intent [2] received any proceeds [3] derived from a pattern of criminal activity or through the collection of an unlawful

PAGE | **13** of 15

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

debt [4] to use or invest any part of such proceeds or the proceeds derived from the investment or use thereof [5] in the operation of any enterprise. *See* Fla. Stat. § 772.103(1).

78. As stated above, Defendant-DC *knew* it was unlawful to obtain Plaintiff's private and confidential banking information *without* a Court Order and/or otherwise without the consent of Plaintiff. Nevertheless, Defendant-DC, without any formal discovery and without a Court order, conspired with Defendant-JD, the unknown third party, to obtain the private and confidential banking information of Plaintiff. Armed with Plaintiff's private and confidential banking information, the likes of which Defendant-DC obtained through illegal means, Defendant-DC unlawfully collected funds from Plaintiff, shared a portion of said funds with Defendant-Creditor and Defendant-JD, and kept the remainder for itself (Defendant-DC) for purposes of operating Defendant's business.

79. At minimum, Defendant-DC acted with apparent authority in attempting to collect, and in collecting, the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

80. Defendant-Creditor purposely provided Defendant-DC with the information to collect the Consumer Debt from Plaintiff, of which included Plaintiff's contact information, the nature of the Consumer Debt, and the amount purportedly owed by Plaintiff.

81. As such, the above-mentioned unlawful conduct is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such conduct.

82. WHEREFORE, Plaintiff, individual and on behalf of the RICO Class, request that

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the Court enter judgment in favor of Plaintiff and the RICO Class and against Defendants for:

(a) Actual damages – for the total dollars unlawfully collected by Defendants from the members of the RICO Class;

(b) An order instructing Defendants to disgorge their ill-gotten monies from the RICO Class members;

(c) Litigation expenses, attorneys' fees, and costs of the instant suit; and

(d) Such other or further relief as the Court deems proper.

Dated: January 24, 2022

                                                                                          Respectfully Submitted,

                                                                                         /s/ Jibrael S. Hindi
                                                        **JIBRAEL S. HINDI, ESQ.**
                                                        Florida Bar No.: 118259
                                                        E-mail:     jibrael@jibraellaw.com
                                                        **THOMAS J. PATTI, ESQ.**
                                                        Florida Bar No.: 118377
                                                        E-mail:     tom@jibraellaw.com
                                                        The Law Offices of Jibrael S. Hindi
                                                        110 SE 6th Street, Suite 1744
                                                        Fort Lauderdale, Florida 33301
                                                        Phone:     954-907-1136
                                                        Fax:         855-529-9540

                                                                  *COUNSEL FOR PLAINTIFF*

PAGE | **15** of 15

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com