**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.:** 0:22-cv-60171

TANO BOGLE, individually and on behalf of a
class of others similarly situated,

      Plaintiff,

v.

RAUSCH STURM LLP,
CASCADE CAPITAL LLC,
and JOHN DOE,

      Defendants.

_____/

## <u>JOINT PLANNING & SCHEDULING REPORT[1]</u>

    Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1.B of the United States District Court for the Southern District of Florida, by and through the undersigned counsel, Plaintiff TANO BOGLE and Defendants RAUSCH STURM LLP and CASCADE CAPITAL LLC (collectively, the "Parties"), hereby file this Joint Scheduling Report.

    *[REMINDER OF PAGE INTENTIONALLY LEFT BLANK]*

---

[1] Defendants Cascade Capital LLC and Rausch Sturm LLP note that by participating in the formulation and filing of the instant Joint Scheduling Report and proposed Order, it does not waive any right to assert their rights and/or affirmative defenses related to moving to compel arbitration and/or moving to strike class allegations as it is Defendants' position that Plaintiff contractually agreed to 1) a binding arbitration provision and 2) a class action waiver provision.

## FED. R. CIV. P. 26(F)(3) DISCOVERY PLAN

(A)   **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**:

The Parties do not believe any changes should be made to required disclosures.

(B)   **The subjects on when discovery may be needed, when discovery should be completed, and when discovery should be conducted in phases or be limited to or focused on particular issues**:

The Parties anticipate taking discovery on the issues raised in the pleadings as permitted under the Federal and Local Rules. The parties do not believe discovery should be conducted in phases or limited to particular issues.

(C)   **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**:

The Parties will produce documents in paper or Adobe .PDF format, unless another format is agreed to or authorized by Court order.

(D)   **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production– whether to ask the court to include their agreement in an order**:

The Parties agree that the inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the other party within a reasonable time upon discovery of the privileged information and without retaining a copy. The parties will comply with the Court's rules governing redaction of account and social security numbers.  Based upon the Plaintiff's allegations in the Complaint involving underlying litigation and related activities, Defendants anticipate that the Court will need to rule on various issues regarding attempts to discover information protected by work-product, attorney-client privilege, and confidentiality protections.

(E)   **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**:

At this time, the Parties do not anticipate changes to the limitations to discovery. The parties reserve their rights to amend this response as necessary.

(F)   **Any other orders the court should issue under Rule 26(c) or Rules 16(b) and (c)**:

None.

## LOCAL RULE 16.1(B)(2) CONFERENCE REPORT

1.     **The likelihood of settlement**:

Settlement is unlikely; nevertheless the Parties have agreed to keep settlement discussions open.

2.     **The likelihood of appearance in the action of additional parties**:

The Parties currently do not anticipate the appearance of any additional plaintiffs, defendants, or any otherwise interested parties.

3.     **Proposed limits on the time**:

   I.     Cutoff to join other parties and amend the pleadings: **August 30, 2022**.

   II.     Deadline for filing dispositive motions: **March 31, 2023**.

   III.     Deadline to complete discovery: **February 24, 2023**.

4.     **Proposals for the formulation and simplifications of issues**:

The Parties agree to cooperate in trying to simplify the issues through discovery. Defendants contend Plaintiff is subject to a binding arbitration agreement.

5.     **The necessity or desirability of amendments to the pleadings**:

At this time, Plaintiff does not anticipate amending the pleadings; however, to the extent necessary, any motion(s) to amend will be filed within the time frame set forth above.

6.     **The possibility of obtaining admissions of fact and documents to avoid unnecessary proof**:

The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents which originated from each of the Parties and/or their respective representatives and/or employees. At this time, there is no need for any advance rulings with respect to admissibility of evidence.

7.     **Suggestions of the avoidance of unnecessary proof and cumulative evidence**:

The Parties, where possible and in good faith, will attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

8.   **Suggestions on the advisability of referring matters to a Magistrate Judge or Master**:

The Parties are open to referring certain non-dispositive matters to a Magistrate Judge

9.   **Preliminary estimate of the time required for trial**:

The Parties believe that trial will take 3-5 days if the action remains an individual claim. If the trial is held on a class action basis, Defendants assert the action will take a minimum of 6-8 weeks for trial, depending upon the size of the class(es) certified.

10.   **Requested date or dates for conferences before trial, a final pretrial conference and trial**:

The Parties proposed the following dates:
(1)   Final pretrial conference:   **August 11, 2023**.
(2)   Two-week Trial Period:   **August 21, 2023**.

11.   **Any other information that might be helpful to the Court**:

Consent to Service by Email: Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree that discovery papers and other papers not required to be filed and served through the Court's CM/ECF system may be served by email through counsel.

DATED:       April 4, 2022

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:tom@jibraellaw.com
**The Law Offices of Jibrael S. Hindi**
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax:     855-529-9540

*COUNSEL FOR PLAINTIFF*

 /s/ *David P. Hartnett*
**David P. Hartnett, ESQ.**
Florida Bar No.: 946631
E-mail: dhartnett@thehartnettfirm.com
**Hartnett Law P.A.**
13611 S. Dixie Hwy, Ste 507
Miami, FL 33176
Phone: 305-598-2000
Fax:     305-675-6171

*COUNSEL FOR* DEFENDANT RAUSCH STURM LLP

   /s/ Charles J. McHale
**CHARLES J. MCHALE, ESQ.**
Florida Bar No.: 0026555
E-mail: cmchale@gsgfirm.com
**Golden Scaz Gagain, PLLC.**
1135 Marbella Plaza Drive

Tampa, Florida 33619
Phone: 813-251-5500
Fax:    813-251-3675

*COUNSEL      FOR      DEFENDANT*
*CASCADE CAPITAL, LLC*